UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. SCATCHELL, | ) |
| | ) |
| Plaintiff, | ) Case No. 20-cv-01045 |
| | ) |
| v. | ) Honorable Gary Feinerman |
| | ) |
| VILLAGE OF MELROSE PARK, et. al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE, STAY THIS ACTION**

NOW COME Defendants, the Village of Melrose Park and its Board of Fire and Police Commissioners, Mayor Ronald Serpico, Director of Police Sam C. Pitassi, former Deputy Chief of Police Michael Castellan, and Ofc. Peter Caira, and respectfully request that this Honorable Court enter an order dismissing this case for "claim splitting", or in the alternative, staying this action because Plaintiff had previously filed State Court actions regarding the same subject matter. In support of their Motion, Defendants state as follows:

1. Plaintiff is a former police officer who was discharged on December 6, 2018, after a multi-day evidentiary hearing before the Village of Melrose Park Board of Fire and Police Commissioners ("BOFPC").

2. Plaintiff has previously filed multiple lawsuits relating to the investigation that led to his discharge, the BOFPC hearings and the BOFPC's decision to terminate his employment, including:

   a. 2018 L 1743 was an action (now dismissed) in the Circuit Court of Cook County under Illinois Supreme Court Rule 224 seeking discovery relating to the investigation concerning Plaintiff's misconduct.

b. 2018 CH 07685 was an action filed in the Circuit Court of Cook County, seeking to enjoin the BOFPC from proceeding with charges against the Plaintiff; the claim was dismissed and Plaintiff's appeal of the dismissal order is now pending at the Illinois First District Appellate Court as Case No. 1-19-1414.

c. On December 31, 2018, Plaintiff filed Case No. 2018 CH 16150 (Exhibit 1A) in the Circuit Court of Cook County challenging the BOFPC's termination decision on administrative review, and the matter is set for hearing on April 17, 2020. (Exhibit 2)

3. Plaintiff filed this action on January 24, 2020, likewise challenging the termination of his employment and the investigation that led to his termination, under a number of different theories. The action was filed in State Court and was timely removed to this Court because Plaintiff now, more than a year later, seeks to maintain claims under §1983, Title VII, COBRA and 18 U.S.C. §2722.

4. There can be no question that this action is related to Plaintiff's prior actions. On February 12, 2020, after this action was removed but apparently before Plaintiff was aware of it, Plaintiff filed a Motion to Consolidate in the State Court, arguing that this Complaint and the pending 2018 CH 16150 "arise out of the same factual background and have a common transaction basis. The parties in each action are all involved any may be properly joined in one suit." (Ex. 1 p.2 ¶9)

5. As this Court has recently noted, the

prohibition against claim splitting is an application of the familiar doctrine of claim preclusion to two actions that are pending simultaneously and have not reached final judgment." "Courts will dismiss a second suit pending between the same parties for claim splitting if the second suit would be barred by claim

preclusion if it is assumed the first suit reached final judgment.

*Receivership Mgt. v. AEU Holdings, LLC*, Slip Op. No. 18C8167, 2019 U.S. Dist. LEXIS 150278 *37-38 (N.D. Ill. Sept. 4, 2019) (citations omitted).

6. Because the Plaintiff here is doing just that – claim splitting – Defendants respectfully request that this action be dismissed, with prejudice.

7. Even if this Court determines that this case should not be dismissed (which it should), it should nevertheless be stayed pending resolution of Plaintiff's State Court lawsuits regarding the same subject matter. More than 25 years ago, the Seventh Circuit Court of Appeals addressed a similar case involving a State Court administrative review action and a Federal Court lawsuit, and noted:

> This court deprecates the practice of filing two suits over one injury--often with an argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court. Multiplication imposes needless costs on one's adversary, on the judicial system, and on other litigants, who must endure a longer queue. Plaintiffs hope that more suits will improve their chances: they seek the better of the outcomes. To discourage the tactic, judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation. Instead of improving plaintiffs' chances, claim-splitting reduces them--for the first court will not have entertained all of the arguments, and the missing ones may have been winners. This penalty for claim-splitting ought to eliminate the practice; a plaintiff cannot do worse by presenting all claims to one forum. But some lawyers are ignorant of the rule, or hope that courts will ignore it, for claim-splitting continues.

*Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995) (citations omitted). Ultimately, the *Rogers* Court held:

> A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion. It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of claim preclusion. A stay requires a good justification; here, although plaintiffs' state and federal suits got underway contemporaneously, the state suit pulled far ahead while the parties debated *Younger* in the district court. Plaintiffs themselves, by choosing to file two suits, supplied strong reason for a stay. There is no excuse for trying to decide

3

the merits immediately--but also no reason (yet) to dismiss the suit, because, if the state case should break down in a way that avoids the preclusive effect of the judgment, plaintiffs would be entitled to a decision on the merits from the federal court. *Id*. at 302.

Here, the cases were not filed contemporaneously; this action was filed more than one year after the State Court lawsuit that Plaintiff concedes involves the same parties, "the same factual background and have a common transaction basis." *See also Simonsen v. Bd. of Educ.*, Slip Op. No. 01C3081, 2003 U.S. Dist. Lexis 23303 *6 (N.D. Ill. Dec. 23, 2003) ("To discourage claim splitting, a plaintiff is entitled to whichever judgment is rendered first, and the second court simply dismisses the case pursuant to the doctrine of claim preclusion…. Therefore, we granted Simonsen a stay pending the completion of the state administrative review process"). Accordingly, if this case is not dismissed, which it should be, the action should be stayed pending resolution of Plaintiff's State Court lawsuits.

8.  The undersigned has been authorized by counsel for each of the other Defendants to report that they join in this Motion.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order dismissing this action for improper claim splitting, or in the alternative, staying this action pending resolution of the Plaintiff's State Court claims, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated:  February 17, 2020                                   VILLAGE OF MELROSE PARK


                                                            By: _____/s Jeffrey S. Fowler_____
                                                                 One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)

        MAYOR RONALD SERPICO, DIRECTOR OF POLICE SAM C. PITASSI, FORMER DEPUTY CHIEF OF POLICE MICHAEL CASTELLAN, and OFC. PETER CAIRA

        By: \_\_\_\_\_s:/ K. Austin Zimmer_____
              One of Its Attorneys

K. Austin Zimmer
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402

        VILLAGE OF MELROSE PARK BOARD OF FIRE AND POLICE COMMISSIONERS

        By: \_\_\_\_\_s:/Patrick H. O'Connor_____
              One of Its Attorneys

Patrick H. O'Connor
Hartigan & O'Connor, P.C.
53 W. Jackson, Blvd., Suite 460
Chicago, Illinois 60604

**Certificate of Service**

I, the undersigned attorney, hereby certify that a copy of the foregoing Motion was served on this 17th day of February, 2020, through the functions of the Court's e-filing system, to:

> K. Austin Zimmer
> Del Galdo Law Group, LLC
> 1441 South Harlem Avenue
> Berwyn, Illinois 60402
> zimmer@dlglawgroup.com
>
> Patrick H. O'Connor
> Hartigan & O'Connor, P.C.
> 53 W. Jackson, Blvd., Suite 460
> Chicago, Illinois 60604
> 312/235-8880
> patoconnor@hartiganlaw.com

and was served upon all other counsel for the Parties by email and by depositing it into the U.S. mail at 515 North State Street, Chicago, Illinois, first-class postage prepaid, addressed to:

> Gianna Scatchell
> Law Offices of Gianna Scatchell
> 360 West Hubbard Street, Suite 1404
> Chicago, Illinois 60654
> gia@lawfirm.gs
>
> Cass T. Casper
> Talon Law, LLC
> 105 West Madison Street, Suite 1350
> Chicago, Illinois 60603
> ctc@talonlaw.com
>
> Michael Bersani
> Hervas, Condon & Bersani, P.C.
> 333 W. Pierce Road, Suite 195
> Itasca, Illinois 60143-3156
> mbersani@hcbattorneys.com

/s Jeffrey S. Fowler