IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN A. SCATCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>THE VILLAGE OF MELROSE PARK,<br>*et al.*,<br><br>    Defendants. | Case No. 20-cv-01045<br><br>The Honorable Gary Feinerman<br><br>Magistrate Judge Sidney I. Schenkier |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND/OR STAY (DKT. NO. 14)**

NOW COMES Plaintiff John A. Scatchell ("Scatchell" or "Plaintiff"), by and through his attorneys, Gianna Scatchell, Esq., Law Offices of Gianna Scatchell, Inc., and Cass T. Casper, Esq., TALON LAW, LLC, and responds in opposition to Defendants' Motion to Dismiss and/or Stay (Dkt. 14). For the following reasons, the Motion should be denied in its entirety.

**I.      Background.**

1.      Plaintiff originally attempted to join his father's retaliation lawsuit in January 2019 (*Scatchell v. Village of Melrose Park, et al.*, 18-cv-03989) as a co-Plaintiff. However, the Village's lawyers fought the effort, and, to Plaintiff's great surprise considering that it was a first motion to amend the Scatchell, Sr. Complaint, the Court denied the Motion. A true and accurate copy of the federal docket sheet, Plaintiff's Motion to join the federal lawsuit, VMP's opposition to Plaintiff's Motion to join that lawsuit, and the Judge's decision in August 2019 are attached hereto as Group Exhibit A.

2.      After the District Court's surprising denial of Plaintiff's Motion for Leave to Amend, Plaintiff filed a separate lawsuit in the Law Division of this Court in December 2019 – well-within the statute of limitations for him to file all his constitutional and statutory claims and

after he had received a right-to-sue letter from the Department of Justice related to his Title VII claim on December 3, 2019. A true and accurate copy of Plaintiff's Law Division suit is attached as Exhibit B.

3. After filing and obtaining waivers for service on his Law Division suit from Defendants, Plaintiff next filed a Motion to Consolidate his Law Division suit with the Administrative Review Law ("ARL") case, and set it for hearing on February 25, 2020 before Judge Flannery. A true and accurate copy of the Motion to Consolidate is included in Group Exhibit C.

4. Notably, Gianna Scatchell sent an email to counsel for Defendants serving the Motion to Consolidate on them on February 12, 2020 at 2:28 P.M. *See Exhibit F*.

*5.* Apparently in direct response to Plaintiff's Motion to Consolidate, Defendants filed a Notice of Removal, opting to remove the federal counts of Scatchell's Law Division case to federal court. Defendants filed their Notice of Removal after Gianna Scatchell emailed the Motion to Consolidate to them. The Notification of Service of the Notice of Removal filed with the Circuit Court of Cook County is timestamped "2/12/2020 4:08 PM CST," and the CM/ECF docket entry in this case for the Notice of Removal is time-stamped "02/12/2020 at 3:52:23 PM CST." *See Exhibit F*.

6. So too, Defendants' Notice did not at all reference the state law counts under the IWPCA and Intrusion upon Seclusion, and also did not assert supplemental jurisdiction over same. A copy of the Notice of Removal is attached as Exhibit D.

7. On February 25, 2020, Defendants did not appear at the Motion to Consolidate Hearing, but Judge Flannery denied the Motion without Prejudice because the Court was not certain about whether or not the Court still had jurisdiction over the state law counts given the

Notice of Removal's failure to assert supplemental jurisdiction over state law claims. A copy of Judge Flannery's Order is attached hereto as Exhibit E.

8. On February 26, 2020, Defendants appeared in federal court seeking to dismiss and/or stay Plaintiff's case – that Defendants removed – on the ground that Plaintiff was engaging in claim-splitting given that there is a pending ARL Case in state court. A copy of Defendants' Motion is attached in Group Exhibit C.

9. At the February 26, 2020 hearing, Plaintiff's counsel inquired of Defendant's counsel if it would be acceptable if all the counts were sought to be put before Judge Meyerson in the instant case – predictably, Defendants opposed that idea, too.

10. Nonetheless, given Defendants' obstinance to Plaintiff proceeding in any forum, Plaintiff's counsel took the position at the federal status in this matter that if Defendants believe Plaintiff's claims should be in the Chancery Division case, then, giving Defendants their preference, Plaintiff would file a Motion for Leave to Amend to add the claims there.

11. Plaintiff has since filed a Motion for Leave to Amend the Chancery Division case, which was heard on March 9, 2020 before Judge Meyerson in the Circuit Court of Cook County, Illinois. Judge Meyerson has requested written briefing on the Motion, and is anticipated to rule on it on or about April 17, 2020.

12. While Plaintiff does have the Motion noted above pending in state court, in the event that Motion is denied or sought to be briefed by Defendants, Plaintiff submits as follows in opposition to Defendants' Motion here.

13. If the state court grants Plaintiff's Motion Plaintiff will seek to voluntarily dismiss this case without prejudice.

**II.      Claim-Splitting Is Based On Claim Preclusion Rules, Which In Illinois Do Not Bar The Instant Case, Especially Where It Is Defendants Who Caused The State/Federal Split.**

14. Illinois' claim preclusion rules, upon which the claim-splitting principles rely, do not prevent the instant claims because Illinois' claim preclusion has three prerequisites: (i) a final judgment on the merits rendered by a court of competent jurisdiction; (ii) an identity of the causes of action; and, (iii) an identity of parties or their privies. *See Receivership Mgmt., Inc. v. AEU Holdings*, 2019 WL 4189466, *14-15 (N.D. Ill. September 4, 2019). These are not met because:

   a. There is no final judgment on the merits of any of Plaintiff's claims by any court;

   b. There is no identity of causes of action because Plaintiff seeks to add 42 U.S.C. § 1983 constitutional deprivation counts for violation of the 14th Amendment's Equal Protection Clause against the Village of Melrose Park, Castellan, Pitassi, Serpico, and Caira; a Title VII discrimination count against the Village of Melrose Park; a COBRA Interference count against the Village of Melrose Park; an invasion of privacy count against Castellan, Pitassi, Serpico, and Caira; a Driver's Privacy Protection Act claim against the Village of Melrose Park and Caira; an Illinois Wage Payment and Collection Act claim against the Village of Melrose Park, Pitassi, and Castellan; and an indemnification claim against the Village of Melrose Park.  Plaintiff's existing Second Amended Complaint states counts under the Administrative Review Law, the Illinois Open Meetings Act, and the Declaratory Judgment Act.  All of the latter counts are geared toward the BOFPC's process, existence, propriety, and its final order terminating Plaintiff's employment.

    c. Some of the parties overlap, such as the Village of Melrose Park, but Defendants Serpico and Caira are entirely new Defendants, and all of the additional claims in the Third Amended Complaint are different as to all of the other Defendants.

15. Accordingly, the claim-preclusion rules do not bar the instant case from proceeding because there is no final judgment in the ARL case, there is not complete identity of parties, and there is no identity of causes of action.

16. So too, even if this Court finds that the above elements of claim-preclusion apply, in Illinois "the rule against claim-splitting has been relaxed where there has been an omission due to ignorance, mistake or fraud, or it would be inequitable to apply the rule." *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325 (1996). The Illinois Supreme Court in *Rein* looked to the Restatement (Second) of Judgments 26(1), providing exceptions where the rule against claim-splitting does not apply, including where:

"(1) the parties have agreed in terms or in effect that plaintiff may split his claim or the defendant has acquiesced therein; (2) the court in the first action expressly reserved the plaintiff's right to maintain the second action; (3) the plaintiff was unable to obtain relief on his claim because of a restriction on the subject-matter jurisdiction of the court in the first action; (4) the judgment in the first action was plainly inconsistent with the equitable implementation of a statutory scheme; (5) the case involves a continuing or recurrent wrong; or (6) it is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason. Restatement (Second) of Judgments § 26(1) (1980); see also *Airtite v. DPR Ltd. Partnership,* 265 Ill.App.3d 214, 219, 202 Ill.Dec. 595, 638 N.E.2d 241 (1994); *Thorleif,* 177 Ill.App.3d at 661–62, 126 Ill.Dec. 738, 532 N.E.2d 423."

    *Id.* at 341.

17. Here, it is the Defendants' conduct, in fact, that has resulted in any claim-splitting that has occurred, not Plaintiff's conduct. The following list summarizes Defendants' conduct in resisting organization of these cases:

    a. it is Defendants who have necessitated a separate action by opposing John

Scatchell, Jr.'s joining his father's federal lawsuit for eight months in 2019 during which time the parties litigated the issue of whether this Plaintiff could also join his father's lawsuit;

    b. it is Defendants who are claiming that Plaintiff is engaging in claim-splitting when Plaintiff filed a separate lawsuit relating to constitutional and statutory deprivations that he seeks to add here when Defendants prevailed on keeping this Plaintiff from joining his father's federal lawsuit;

    c. it is Defendants who removed Plaintiff's separate lawsuit to federal court *despite being on notice that* Plaintiff had filed a motion to consolidate Plaintiff's Law Division case with the instant case that would have put all the claims before one Court (and Defendants could have still removed the case after that) – indeed, Gianna Scatchell's email to all counsel notifying them of the motion to consolidate was sent before Defendants removed the case, a key event in *Defendants* being responsible for any claim-splitting that has occurred;

    d. it is Defendants who failed to appear at the Motion to Consolidate hearing on February 25, 2020 before Judge Flannery, despite being noticed on the Motion and despite that their removal only referenced federal claims and not state ones;

    e. Once in federal court, it is Defendants who cried that Plaintiff is claim-splitting, despite Defendants' resistance to organizing these cases;

    f. During the federal court status on February 26, 2020, it is Defendants who also resisted any suggestion that they would agree to an amendment of the pleadings in this case to add the statutory and constitutional claims, even though the essential premise of their position is that the claims should all be in the same case as the ARL claims; and,

    g. During the motion for leave to file a third amended complaint in the Circuit Court

6

of Cook County, Illinois, it is Defendants who still resist these additional claims being stated in that case.

20. Perhaps most importantly of all, the timing of the Notice of Removal in this case coming shortly after Gianna Scatchell's email noticing the Motion to Consolidate indicates that Defendants are engaged in gamesmanship, and removed the instant case precisely for the purpose of preventing consolidation of the Scatchell, Jr. Complaints in the Circuit Court of Cook County, Illinois. The time-stamps on the CM/ECF and state court notices show that Defendants' filings closely following Plaintiff giving notice of his motion to consolidate. *See Exhibit F.*

19. Based on the foregoing history, it is Defendants' conduct itself in resisting Plaintiff bringing his claims anywhere, and they should not equitably be allowed to allege claim-splitting when it is their conduct causing it.

20. For an analogous example in the abstention context, this jurisdiction ruled in *Adkins v. Vim Recycling, Inc.*, 644 F.3d 483, 502 (7th Cir. 2011) that where the Defendants' objections themselves cause piecemeal litigation, Defendants should not be allowed to have it both ways by claiming duplication of lawsuits. The Court there reasoned as follows:

"Remember, too, that in this case, before the plaintiffs filed their federal suit under RCRA, they attempted to intervene in IDEM's first suit to bring their claims. Based on VIM's objection, they were rebuffed. In other words, but for VIM's objection, there would be no piecemeal litigation. Much of the substance of plaintiffs' RCRA claims would have been encompassed in IDEM's first suit, as would the "B" waste claims in IDEM's second suit, for that matter. Having successfully blocked the plaintiffs' attempt to bring all of these claims in IDEM's first suit, VIM should not now be able to object to having to defend itself simultaneously against claims by the state and the citizen-plaintiffs. As we said above, VIM cannot have it both ways. We give no weight to this factor of the *Colorado River* analysis in the context of a RCRA citizen suit, particularly one in which the defendants succeeded in thwarting the plaintiffs' efforts to bring their claims in the first action."

*Id.* While the Court was considering *Colorado River* abstention, the foregoing reasoning was based on its consideration of the "piecemeal litigation" factor of the *Colorado River* analysis, which is what Defendants are complaining of here. *Id.*

21. Given that it is Defendants who resisted Plaintiff's effort to join his father's suit, Defendants who removed this case despite a pending motion to consolidate, Defendants who did not appear at the motion to consolidate hearing, Defendants who filed the Notice of Removal shortly after being noticed of the motion to consolidate, and Defendants who indicate they will object to Plaintiff amending his ARL complaint to add the instant counts, the Court should find that Defendants cannot have it all three ways like the Court found in *Vim.*

22. Defendants cited to *Rogers v. Desiderio*, 58 F.3d 299 (7th Cir. 1995) in their Motion to Dismiss and/or Stay the federal case that they had removed. That case involved a fully decided parallel state case, however, and the instant case is still pending. *Rogers*, 58 F.3d 299 at 301 ("a separate federal suit is impermissible *once the state court has rendered a decision*." (emphasis added)). Judge Easterbrook emphasized that his ruling was concerned with "the consequences of a decision to try two forums at once." *Id.* The latter, however, is not what Plaintiff is doing; rather, he filed in state court and moved to consolidate his Law Division case with the Chancery Division case, but Defendant removed the Law Division case probably for exactly the reason that they could allege claim-splitting. It is not *Plaintiff* who has turned this into two forums at once, but Defendants who have done so.

23. Also in favor of maintaining this suit is the fact that it is timely. There are no statutes of limitations problems because all of the complained-of wrongs occurred within applicable limitations periods. *See McGee v. Snyder*, 326 Ill. App. 3d 343, 352 (2d Dist. 2001) (two-year limitations period of 42 U.S.C. § 1983 claims); *see also Second Amended Complaint*,

8

¶¶17-19 (alleging April 2018 as the state of the BOFPC's administrative process); *Fritz v. Health and Welfare Dep't*, 2001 WL 34085714, *3 (N.D. Ill. 2001) (applying two-year limitations period of COBRA claims); *People ex rel. Martin v. Lipkowitz*, 225 Ill. App. 3d 980, 981-982driv (3d Dist. 1992) (discussing five- and ten-year limitations periods on IWPCA claims); *McDonough v. Westconsin Credit Union*, 2015 WL 1326413 (W.D. Wisc. 2015) (suggesting that four-year statute of limitations applies to Driver's Privacy Protection Act claims); *Benitez v. KFC Nat'l Mgmt. Co.*, 305 Ill. App. 3d 1027, 1034 (2d Dist. 1999) (one-year limitations period on defamation claims does not apply to intrusion upon seclusion claims).

24. There is no prejudice or other timeliness problems as to Defendants because the existing counts still may proceed on the current Court schedule, there is no need to delay any pending Motions or the Oral Argument date of April 17, 2020 at 11:00 a.m., all of which may proceed as planned. If the Court denies the ARL / writ of certiorari and declaratory judgment counts on or about April 17, 2020, the parties may then proceed to litigate the remaining counts. There is no prejudice whatsoever to Defendants.

### III. Claim Preclusion Should Not Be Able To Be Used To Shorten Plaintiff's Statute Of Limitations Or Deny Him Access To Courts When He Has Been Trying To State The Retaliation Counts For Months And It Is Defendants Resisting It.

25. It is not as if Plaintiff has not been trying to state his retaliation claims. He tried to state them alongside his father's retaliation claims in what should have been a routine Motion for Leave to Amend in the federal court, but, remarkably, was denied. After Defendants resisted that for eight months, he filed a separate lawsuit after receiving a right-to-sue letter from the EEOC and moved to consolidate it with this one. Defendants removed it so they could strategically claim claim-splitting.

26. As noted above, Plaintiff has brought and seeks to bring these claims here within the statute

of limitations periods; however, the instant run at a claims-splitting defense, if allowed to prevail, shortens Plaintiff's limitations period and relegates it to the 35-day period within which to file an ARL claim.

27. "Statutes of limitation proceed on the premise that an injured party has a full opportunity to try his rights in the courts within certain time limits." *Mega v. Holy Cross Hospital*, 111 Ill. 2d 416, 434 (1986). Here, Plaintiff has been attempting to exercise the opportunity to try his rights within the applicable limitations periods, but has been fought by the Defendants from doing so at every stop despite that (i) there is no final judgment anywhere on his claims; and, (2) there is no identity of claims or parties.

28. Defendants' actions, if allowed, grant claim preclusion a statute-of-limitations-shortening effect that requires every Plaintiff to fully investigate and know about every single possible claim he might have within the 35-day period after an agency issues an ARL decision. Put another way, it relegates Plaintiff's two-year limitations period against government officials all to the 35-day period following an agency decision under the ARL. This is a preposterous outcome that is not the law when it comes to statutes of limitations.

**VI.** **Plaintiff's "Other Claims" Should Not Bar This Suit.**

29. Defendants have been fond of arguing that there is duplication of suits. But this does not withstand scrutiny of what prior court actions actually were about.

30. For example, *Scatchell v. Board of Fire and Police Commissioners*, 2018 CH 07685, sought an injunction against the Board based upon Plaintiff's view that it was improperly constituted under state and local law, before Plaintiff even had a hearing at the Board.

31. *Scatchell v. Illinois State Police, et al.*, 2018 L 001743 was an Illinois Supreme Court Rule

224 petition that sought information about who created certain anonymous letters regarding John Scatchell, Sr. and his son. But Rule 224 proceedings are limited in time, scope, and purpose, and are solely to ascertain "the identity of one who may be responsible in damages." *Ill. S. Ct. R. 224*. The Rule itself states that the order "will limit discovery to the identification of responsible persons and entities. . ." It is a limited *discovery* proceeding that has nothing to do with liability. *See Hadley v. Doe*, 2015 IL 118000, ¶9 (2015) ("In general, Rule 224 provides a means to identify potential defendants prior to the commencement of a suit.").

32. Accordingly, Defendants' bandying numbers about glosses over the fact the key limitations on the above cases. The only other cases are the ARL case and the instant case – which Plaintiff has been trying to consolidate.

## CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion (Dkt. 14).

Respectfully submitted,

John A. Scatchell

/s Gianna Scatchell
/s Cass T. Casper

_____

Plaintiff's Attorneys

*Gianna R. Scatchell, Esq.*
LAW OFFICES OF GIANNA SCATCHELL
360 W. Hubbard Street, 1404
Chicago, Illinois 60654
(312) 248-3303
gia@lawfirm.gs

*Cass T. Casper, Esq.*
TALON LAW, LLC
105 West Madison Street, Suite 1350
Chicago, Illinois 60602

11

P: (312) 351-2478
F: (312) 276-4930
E: ctc@talonlaw.com

## Certificate of Service

The undersigned hereby certifies that he caused to be served the foregoing document on counsel for all Defendants via this Court's CM/ECF system, and that such counsels are registered e-filers.

/s/ Cass T. Casper
_____