IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| John Scatchell, <br><br> Plaintiff, <br><br> v. <br><br> Vill. of Melrose Park, et al., <br><br> Defendants. | Case No: 1-20-cv-0 <br><br> Judge Gary Feinerman <br><br> Jury Trial Demanded |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' AMENDED MOTION TO DISMISS**

Plaintiff John A. Scatchell, through his undersigned counsel, respectfully submits this Response to Defendants Village of Melrose Park and Defendants Ronald Serpico, Sam Pitassi, Michael Castellan, and Peter Caira's 12(b)(6) Motion to Dismiss (Dkt. #). For the reasons stated herein, Defendants' motion should be denied.

**INTRODUCTION**

Defendants argue that the trial court's judgment in Plaintiff's ARL case bars some of his current claims, and they move to dismiss on that basis.[1] Defendants' Motion to Dismiss based on preclusion should be summarily denied because it is not one of the grounds for dismissal listed in Federal Rule of Civil Procedure Rule 12(b), and dismissing claims as precluded at this state is

---

[1] In their Motion to Dismiss, Defendants do not raise any claims to dismiss Counts V, VI, or VII – Count V Intrusion upon Seclusion (all individual Defendants), Count VI Violation of the Driver's Privacy Protection Act – Caira, and Count VII – Illinois Wage Payment and Collection Pitassi and Castellan, and therefore these counts should not be disturbed by this Motion to Dismiss.

1

inappropriate since the Defendants' fail to properly put the documents before the Court that show the defense applies.

## Background and Earlier Lawsuits[2]

Scatchell's Career at the Melrose Park Police Department began in 2012 when he was hired as a patrol officer. He had never been previously written up and was an exemplary police officer. Plaintiff's father filed an EEOC charge in September 2017. Defendants learned about this EEOC charge in October 2017. Less than three weeks later, Defendants began an extensive 219-hour investigation based on an "anonymous letter" that was "slid" under the door of Defendant Castellan's office. Defendants then charged Plaintiff with 12 counts of purported misconduct. Plaintiff was ultimately terminated in December of 2018. He timely filed his administrative review action on or about 2019. Plaintiff attempted to join his father's pending lawsuit since one of Plaintiff's father's allegations is that Plaintiff was targeted and ultimately fired based on his protected activity. Defendants opposed Plaintiff joining his father's lawsuit.

Plaintiff originally attempted to join his father's retaliation lawsuit in January 2019 (Scatchell v. Village of Melrose Park, et al., 18-cv-03989) as a co-Plaintiff. However, the Village's lawyers fought the effort, and, to Plaintiff's great surprise considering that it was a first motion to amend the Scatchell, Sr. Complaint, the Court denied the Motion after it was pending for nearly nine months. After the District Court's surprising denial of Plaintiff's Motion for Leave to Amend, Plaintiff filed a separate lawsuit in the Law Division of this Court in December 2019 – well-within the statute of limitations for him to file all his constitutional and statutory claims and after he had received a right-to-sue letter from the Department of Justice related to his Title VII claim on December 3, 2019. A true and accurate copy of Plaintiff's Law Division suit is attached as Exhibit

---

[2] *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010)(Judicial notice may be taken "of prior proceedings in a case involving the same litigant.")

2

B. After filing and obtaining waivers for service on his Law Division suit from Defendants, Plaintiff next filed a Motion to Consolidate his Law Division suit with the Administrative Review Law ("ARL") case, and set it for hearing on February 25, 2020 before Judge Flannery. A true and accurate copy of the Motion to Consolidate is included in Group Exhibit C.

Notably, Gianna Scatchell sent an email to counsel for Defendants serving the Motion to Consolidate on them on February 12, 2020 at 2:28 P.M. See Exhibit F. Apparently in direct response to Plaintiff's Motion to Consolidate, Defendants filed a Notice of Removal, opting to remove the federal counts of Scatchell's Law Division case to federal court. Defendants filed their Notice of Removal after Gianna Scatchell emailed the Motion to Consolidate to them. The Notification of Service of the Notice of Removal filed with the Circuit Court of Cook County is timestamped "2/12/2020 4:08 PM CST," and the CM/ECF docket entry in this case for the Notice of Removal is time-stamped "02/12/2020 at 3:52:23 PM CST." See Exhibit F.

So too, Defendants' Notice did not at all reference the state law counts under the IWPCA and Intrusion upon Seclusion, and also did not assert supplemental jurisdiction over same. At the February 26, 2020 hearing, Plaintiff's counsel inquired of Defendant's counsel if it would be acceptable if all the counts were sought to be put before Judge Meyerson in the instant case – predictably, Defendants opposed that idea, too. 10. Nonetheless, given Defendants' obstinance to Plaintiff proceeding in any forum, Plaintiff's counsel took the position at the federal status in this matter that if Defendants believe Plaintiff's claims should be in the Chancery Division case, then, giving Defendants their preference, Plaintiff would file a Motion for Leave to Amend to add the claims there.

## I. LEGAL STANDARD – Fed. R. Civ. P. 12(b)(6)

3

For the Court to grant a motion to dismiss pursuant to Rule 12(b)(6), it must "appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 977-78 (7th Cir. 1999). A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Employment discrimination claims must adhere to a minimal pleading standard. *See Tamayo v. Blagojevich*, 526 F.3d 1084. A complaint alleging employment discrimination "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic. *Id.*; *see also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998). In discussing *Bell Atlantic*, the Seventh Circuit held: "We [] have cautioned, however, that *Bell Atlantic* 'must not be overread.' The Seventh Circuit further noted, "Indeed, '[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8.'" *Id.* at 1081 (*quoting Bennett*, 153 F.3d at 519)).

### III. ANALYSIS

Defendants frame the argument to dismiss Scatchell's claims entirely in terms of collateral estoppel and res judicata. Preclusion is not one of the grounds for dismissal listed in Federal Rule of Civil Procedure Rule 12(b), and the general rule is that a preclusion defense must be raised in the answer to a complaint. *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). One exception

4

is if the complaint itself discloses that the claims are precluded. *Id.* Another is if the error of raising the preclusion defense before answering "is of no consequence" because the Court has before it everything "needed in order to be able to rule on the defense." *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Here, the Defendants' Motion to Dismiss should be denied because the Defendants cannot meet the threshold of providing this Court with "everything it needed to rule on the defense" when they did not even attach a copy of the Plaintiff's Complaint to their Joint Removal Action.

The preclusive effect of a prior adjudication on a subsequent claim or cause of action falls under the law of res judicata, which is separated into two distinct doctrines: (1) res judicata (claim preclusion) and (2) collateral estoppel (issue preclusion). The doctrine of res judicata often determines whether a federal suit is barred by a state court judgment. *NextWave Pers. Communications, Inc. v. FCC*, 254 F.3d 130, 143 (D.C. Cir. 2001). The essential elements of res judicata under Illinois law are "(1) identity of parties or their privies in the two suits; (2) identity of causes of action in the prior and current suit; and (3) a final judgment on the merits in the prior suit." *Pirela v. Village of North Aurora*, 935 F.2d 909, 911 (7th Cir. 1991). Res judicata bars not only those claims that were actually decided in the prior suit but also claims that could have been brought. *Matrix IV, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). Collateral estoppel bars an action when "the second action is upon a different cause of action and the judgment in the prior suit precludes re-litigation of issues actually litigated and necessary to the outcome of the first action." *Parklane Hosiery Co.*, 439 U.S. at 327 n.5.

Collateral estoppel is an equitable doctrine. It precludes a party from relitigating an issue that was fairly and completely resolved in a prior proceeding. *People v. Anderson*, 2013 IL App (2d) 121346 ¶15. The three threshold requirements for collateral estoppel are: "(1) an issue is identical to one decided in the first action; (2) there was a final judgment on the merits in the prior

5

adjudication; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. *Id.* Even if each of these threshold elements has been met, collateral estoppel does not preclude a party unless it is clear that no unfairness will result to the precluded party. The party asserting collateral estoppel bears the heavy burden of demonstrating—with clarity and certainty—what the final judgment determined. *Dearborn Maple Venture, LLC v. SCI Illinois Services, Inc.* 2012 IL App (1st) 103513 ¶24. The application of collateral estoppel must be narrowly tailored to fit the precise facts and issues that were clearly determined in the prior judgment. *Id.* Collateral estoppel cannot apply unless it conclusively appears that the fact must have been so in issue that it was necessarily decided by the court rendering the prior judgment. If there is any uncertainty, because more than one distinct issue was present, then estoppel cannot apply. *See Granger v. Hendle*, 2011 ILL App (2) 100316 ¶115.

### A. The ARL Decision does not Have a Collateral Estoppel Effect on Plaintiff's Case

Defendants argue that Plaintiff's ARL case collaterally estops him from bringing the pending matter before this Court. The scope of the prior ARL judgment is relevant here. The Court under ARL is one of limited jurisdiction in that it may only review final administrative decisions subject to the statutory requirements. 735 ILCS 5/3-104. A court in ARL is precluded from taking new evidence outside administrative record, and it is only permitted to remand for additional fact-finding, if necessary, and for a post-termination hearing in front of an unbiased adjudicator. *Kasak v. Village of Bedford Park*, N.D. Ill.2008, 574 F.Supp.2d 858. ARL cases have two principal objectives: statutory remedies for judicial review of decisions of administrative agencies and to make available to persons aggrieved by administrative decisions judicial review consonant with due process standards without unduly restricting exercise of administrative judgment and

6

discretion. *Mueller v. Board of Fire and Police Com'rs of Village of Lake Zurich*, App. 2 Dist.1994, 205 Ill.Dec. 304, 267 Ill.App.3d 726, 643 N.E.2d 255.

1. **Plaintiff's §1983 Claim against the Village of Melrose Park**

Defendants argument that Plaintiff's § 1983 Claim against the VMP is barred based on claim-splitting is wholly without merit and should be denied. The United States Supreme Court has clearly indicated that the rights under § 1983 and the rights arising under state common law, although similar, are nonetheless distinct remedies. See *Monroe v. Pape*, 365 U.S. 167, 180, 5 L Ed. 2d 492, 501, 81 S. Ct. 473, 480 (1961). A constitutional claim is an original action independent of the administrative review proceeding and is therefore plenary in scope. *Board of Education of Rich Township High School District No. 227 v. Brown*, 311 Ill. App. 3d 478, 489 (1999)(trial court has original jurisdiction over constitutional issues raised in administrative review complaint); *See also Mattis v. State Universities Retirement System*, 296 Ill. App. 3d 675 (1998)(trial court's dismissal of civil rights counts upon affirming decision of administrative agency was improper); *Accord, Stykel v. City of Freeport,* 318 Ill.App.3d 839, 252 Ill.Dec. 368, 742 N.E.2d 906 (2001)( the Board of Fire and Police Commission is "an agency [that] lacks the authority to question the validity or constitutionality of a statute.") Moreover, a constitutional challenge is not a review proceeding even when it questions an administrative decision that has an adjudicative component. *Id*. An agency lacks the authority to question the validity or constitutionality of a statute. *Id*. at 490. Such matters must be raised before the trial court, which is vested with original jurisdiction over constitutional issues raised in a complaint for administrative review. *Id*. at 491.

In the case at bar, Defendants' Motion to Dismiss must be denied because they failed to meet the threshold requirements of collateral estoppel. The issues of whether the Plaintiffs' civil rights were violated could not have been before the Board and, therefore, cannot be the subject of

administrative review. To hold otherwise would frustrate the very purpose behind the enactment of § 1983. Indeed, it is clear from the Illinois cases, *Brown* and *Mattis*, that Illinois courts reviewing administrative decisions recognize that federal constitutional issues are not preempted by the Review Law.

2. **Plaintiff's §1983 Claims against Defendants Serpico, Pitassi, Castellan, and Caira in each of their individual capacities is not precluded by res judicata.**

Neither res judicata nor collateral estoppel apply to bar the Plaintiff's §1983 claims against the individual Defendants. For the doctrine of res judicata to apply, the parties in both suits must either be identical or in privity with each other. *See Graham*, 473 U.S. at 166-67. Unlike official-capacity suits, in a suit based on individual or personal capacity, "[i]f the plaintiff prevails against the official, the official must satisfy the judgment out of his own pocket, rather than having the government entity pay the damages." *Conner v. Reinhard*, 847 F.2d 384, 395 (7th Cir. 1988). Absent privity, the individual Defendants cannot be bound by the former adjudication of either claims (res judicata) or issues (collateral estoppel).

This distinction is based on the rule of differing capacities, which provides that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Restatement (Second) of Judgments § 36(2)*. It "generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official." *Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003); *see also Howell Hydrocarbons*, *Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir. 1990) ("Res judicata does not apply when the parties appear in one action in a representative capacity and in a subsequent action in an individual capacity."); *Conner*, 847 F.2d at 395 (holding that a prior suit against a municipality does not bar a subsequent suit against officials individually because official-

8

capacity and personal-capacity suits involve different legal theories and defenses); *Headley v. Bacon*, 828 F.2d 1272, 1274–75 (8th Cir.1987) (holding that the district court erred in granting summary judgment on res judicata grounds where plaintiff filed a second lawsuit against officials in their individual capacities because such officials were not, in their individual capacities, in privity with the defendant city). Here, the individual Defendants sued in their individual capacities are not in privity with either himself or with his employer, the Board of Fire and Police Commission, or the Village of Melrose Park. *Id.* The absence of this key requirement, Plaintiff's § 1983 claims against the individual defendants are not barred by res judicata.

**b. Defendants cannot invoke the doctrine of collateral estoppel to bar Plaintiff's claim against Individual Defendants Serpico, Pitassi, Castellan, and Caira.**

Defendants argue that Plaintiff's failure to join individual Defendants bars Plaintiff's pending claims against the individual Defendants. As stated above, none of the individual Defendants in their individual capacity are in privity with the Village of Melrose Park or the Board of Fire and Police Commission. *See Graham*, 473 U.S. at 166.

Next, the applicability of collateral estoppel to a Plaintiff's claim turns on whether the identical issue was previously litigated. *See Brewer*, 2003 WL 23507795, at *5 ("The most significant safeguard in applying estoppel is 'the requirement of determining whether the party against whom estoppel is asserted had a full and fair opportunity to litigate'" (citing Blonder-Tongue, 402 U.S. at 329)). It is well established that "the concept of collateral estoppel cannot apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate that issue in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980); *See Moore's Federal Practice § 132.03[1]*. The Court did not address the merits of Plaintiff's §1983 claim in Scatchell I, the issue of the individual Defendants' personal liability has never been

9

litigated and the application of the collateral estoppel to Plaintiff's § 1983 claim against individual Defendants in this action is inappropriate.

This Court cannot dismiss a subsequent claim solely because Plaintiff failed to join the individual Defendants who were not necessary to the previous action. *See Temple v. Synthes Corp.*, 498 U.S. 5 (1990) (reversing district court's dismissal of claim after plaintiff disobeyed an order to join parties that the lower court erroneously labeled as necessary). Here, none of the individual Defendants were named in their individual capacity in Scatchell I. Further, neither party discussed nor briefed the issue of any of the individual Defendants' personal liability. Therefore, resolution of this issue was not necessary to the Court's decision in Scatchell I. *See Brewer v. Dupree*, No. 00-T-543-N, 2003 WL 23507795, at *5 (M.D. Ala. 2003) (holding that an issue that was never briefed by the parties or discussed by the court "cannot be seen as essential" to the court's judgment in the prior case and is not barred by collateral estoppel); *Parklane Hosiery Co.*, 439 U.S. at 327 n.5 (stating that the issue must have been necessary to the prior judgment for collateral estoppel to apply). Because individual defendants were not necessary parties to Scatchell I, Plaintiff was not required to join any of them in Scatchell I. *See Headley*, 828 F.2d at 1275.

Accordingly, fairness mandates that Plaintiff be given the opportunity to pursue his claims against each of the individual Defendants, and these claims should not be dismissed. *See Brewer*, 2003 WL 23507795, at *5 (refusing to extend collateral estoppel to subsequent individual-capacity claims that the court had not considered in the prior case because fairness mandated the plaintiff have a full opportunity to litigate those issues). Because the issue of individual Defendants' personal liability was not "actually litigated" in Scatchell I, fairness requires that Plaintiff have the opportunity to present evidence on the section 1983 claim against individual Defendants in each of their individual capacities.

Defendants argue that because individual defendants could have been joined as a defendant in Scatchell I, Plaintiff should be precluded from bringing new claims against each of them. To support this argument, Defendants rely on the Restatement (Second) of Judgments § 29 cmt. e, which states that "where a plaintiff brings a subsequent action involving the same issues against a person whom he could appropriately have joined as a co-defendant in the first action, only strongly compelling circumstances justify withholding preclusion." Even if the interests of judicial economy could have been best served by joining individual Defendants in Scatchell I, that Plaintiff declined to exercise this option does not, *ipso facto*, bar Plaintiff's claims against any of the individual Defendants.

3.  **Plaintiff's Title VII Claim is not Barred by Preclusion**

Res judicata does not apply where the relief sought in the second proceeding was previously unavailable because of limitations on the subject matter jurisdiction of the court or other tribunal in the earlier proceeding. *Cabrera v. First National Bank of Wheaton*, 324 Ill.App.3d 85, 91, 257 Ill.Dec. 512, 753 N.E.2d 1138 (2001). When a state agency is not authorized to award backpay, the decision of the agency and subsequent appeal to state court do not bar a Title VII action in federal court. *See Patzer v. Board of Regents of University of Wisconsin System*, 763 F.2d 851 (7th Cir. 1985). Whether Plaintiff could collect backpay if he prevailed on his ARL cases remains inconclusive despite the ruling in the Illinois Supreme Court cases, *Goral v. Sheriff Dart*, which is currently pending a re-hearing. Accordingly, Defendants' Motion to Dismiss based on preclusion would not be appropriate and should be denied.

4.  **Defendants' Arguments are Flawed because both Res Judicata and Claim-splitting are Equitable Doctrines.**

Defendants' preclusion argument is flawed in that both res judicata and collateral estoppel are equitable doctrines. Both doctrines apply on a discretionary, rather than a mechanical basis.

11

Neither doctrine can be applied in such a way as to promote unfairness. The threshold inquiry in determining whether a plaintiff's claim should be barred by collateral estoppel is whether application of the doctrine is fair. Here, Defendants seek to use such doctrines not to preclude duplicate litigation of Plaintiffs' claims, but rather to preclude any court from considering any of his claims. Generally stated, neither doctrine is to be applied in a manner which enables an unfair result. *See Yorulmazoglu v. Lake Forrest Hosp.*, 359 Ill.App.3d 554, 563 (1st Dist. 2005)("[E]ven if the threshold requirements are met, the doctrine should only be applied as fairness and justice require. … Courts must balance the need to limit litigation against the right to a fair adversarial proceeding in which a party may fully present its case.'").

This Court must decline Defendants' invitation to avoid the inequitable result which would obtain if Defendants' argument of res judicata and claim-splitting were to prevail. *City of Chicago v. Midland Smelting Co.*, 385 Ill.App.3d 945, 324 Ill.Dec. 578, 896 N.E.2d 364, 382 (2008) ("Equity dictates that the doctrine of res judicata should not be technically applied if to do so would be fundamentally unfair or would create inequitable or unjust results."). Plaintiff would suffer from a complete deprivation of a full consideration of his claims. The claims in Plaintiff's Complaint have not been actually litigated in the ARL—that is, contested by the parties and submitted for determination by the Court.

**B. Staying this Matter Pending Plaintiff's Appeal of Scatchell I**

There is an open question as to whether a final judgment on the merits has been rendered in the ARL case. Thompson has an appeal pending, and Illinois law is unclear on whether a trial court's judgment is final for purposes of claim preclusion during the pendency of an appeal. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) ("To be blunt, we have no idea what the law of Illinois is on the question whether a pending appeal destroys the claim preclusive effect of a

12

judgment."). As the Seventh Circuit explained in *Rogers*, the Illinois Supreme Court, in *Ballweg v. Springfield*, 499 N.E.2d 1373, 1375 (Ill. 1986), held that the filing of an appeal suspends the collateral estoppel (issue preclusion) effect of a circuit court's judgment. *Rogers*, 58 F.3d at 302. Several Illinois appellate courts have extended Ballweg to claim preclusion. See id. Other Illinois appellate courts have treated a trial court's judgment as preclusive despite a pending appeal without addressing Ballweg. Id. The Illinois Supreme Court has not clarified the issue in the 20 years since Rogers was decided.

Defendants ask the Court to follow the line of Illinois cases that ignores Ballweg and treats the final judgment of a trial court as having preclusive effect even when an appeal is pending. But that is not the course laid out in Rogers, where a stay rather than dismissal was endorsed. Rogers, 58 F.3d at 302 (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817–21 (1976)). Neither action is necessary at this point, however, because Defendants can argue their preclusion defense after filing an answer. Plaintiff's appeal could be resolved by then. If not, the Court can assess whether a stay is appropriate at that time.

### C. Defendants Motion to Dismiss does Not Address Counts V, VI, and VII and these counts should Survive this Motion

Defendants only removed the federal counts of Plaintiff's Complaint, and never removed the following state law claims to federal court.

### IV. CONCLUSION

Accepting all of Plaintiff's allegations as true, he can prove a set of facts to save the majority of his claims from dismissal. Plaintiff's claims are all well within the statutes of limitations. Res judicata does not precludes Plaintiff's section 1983 claim against the VMP and its privies, which includes Plaintiff's section 1983 claim against individual Defendants in their individual capacities. Plaintiff's claims arising out of his ARL appeal are factually dissimilar to his claims that are

13

pending before this Court. In particular, Plaintiff's § 1983 claim against individual defendants in each of their individual capacities and Plaintiff's common law claims against individual defendants are not barred by res judicata, collateral estoppel, or by any order of this court. If the Court is inclined to grant Defendants' Motion in whole or part, the Plaintiffs pray for an opportunity to stay the proceedings. Accordingly, Defendants' Motion to Dismiss should be denied.

Respectfully Submitted,

John Scatchell

Dated: February 26, 2021