UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN A. SCATCHELL, | ) |
| Plaintiff, | ) Case No. 20-cv-01045 |
| v. | ) Honorable Gary Feinerman |
| VILLAGE OF MELROSE PARK, et. al, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR AMENDED MOTION TO DISMISS OR IN THE ALTERNATIVE, STAY THIS ACTION**

The question now before the Court is how to address the situation where Plaintiff has two separate actions pending that "arise out of the same factual background and have a common transaction basis [and] [t]he parties in each action are all involved…" (Dkt. No. 48 p. 43 ¶9) The worst possible option, and the option sought by Plaintiff, is to do nothing, and allow the two actions to proceed simultaneously, and to potentially conflicting results.

I.   **Errors in Plaintiff's Response**

Plaintiff's Response [Dkt. No. 49] contains several errors. First, Plaintiff submitted a footnote claiming that Defendants' Motion did not raise any claims to dismiss Counts V-VII, but that claim misses the point in Defendants' Motion that because of improper claim splitting, the entirety of Plaintiff's Complaint should be dismissed, and not just individual Counts.

Next, virtually the entirety of Plaintiff's Response is based upon the mistaken premise that Defendants' Motion seeks dismissal now based on claim preclusion, but that is not true either. Again, the basis for an immediate dismissal would be improper claim splitting; Defendants' Motion expressly states that claim preclusion would apply if this case is dismissed later, "when the Termination Lawsuit appeal is resolved…", which has not yet occurred. [Dkt

No. 46 pp. 3-4 (emphasis added)] Certainly, if the Court does not exercise its discretion to dismiss the Complaint based upon improper claim splitting, then at some point the various issues discussed in Plaintiff's Response regarding the application of *res judicata* and collateral estoppel will likely become relevant. But none of those arguments apply to the Court's decision now, because Defendants have not argued for dismissal now based upon *res judicata* or collateral estoppel.

Plaintiff suggests that Defendants removed this action to this Court in direct response to Plaintiff's Motion to Consolidate, based solely upon the timing between a 2:28 p.m. email from Plaintiff's counsel and Defendants' 3:52 p.m. ECF entry. However, it is well recognized that simply because one action follows another does not show that the first caused the second.

> "Basically, he argues that, because one thing precedes another in time and space, it actually causes the second to occur. There is a technical name for attempts to establish a causal relationship solely on the basis of sequentiality--post hoc ergo propter hoc (after the fact therefore because of the fact). Such reasoning is fallacious." *E.g. Mauntel v. Briscoe*, Case No. 93 C 6579, 1995 U.S. Dist. LEXIS 609 *26 (N.D. Ill. Jan. 18, 1995).

"Post hoc ergo propter hoc is not a good way to establish causation." *Shafer v. Kal Kan Foods, Inc.*, 417 F.3d 663, 664 (7th Cir. 2005). *See also Burks v. Wis. DOT*, 464 F.3d 744, 758 (7th Cir. 2006) ("'[t]he mere fact that one event preceded another does nothing to prove that the first event caused the second'"). Here, it defies logic to suggest that multiple parties, represented by three separate law firms, learned of the Motion, consulted with each other and then prepared all of the necessary documents to effect removal in less than 90 minutes.

Finally, Plaintiff's Response to the Motion is to create a straw-man argument, claiming that dismissal is being sought pursuant to FRCP 12(b)(6), even though that Rule is cited nowhere in Defendants' Motion. Instead, should the Court dismiss the action, the Court's authority to do so is based upon its common law authority to manage its cases. E.g. *Receivership Mgt. v. AEU*

2

*Holdings, LLC*, Slip Op. No. 18C8167, 2019 U.S. Dist. LEXIS 150278 *37-38 (N.D. Ill. Sept. 4, 2019).  But, even if FRCP 12(b)(6) applies, *Brzostowski v. Laidlaw Waste Sys.,* 49 F.3d 337 (7th Cir. 1995), demonstrates that dismissal of a duplicative lawsuit for claim splitting is entirely proper even under FRCP 12(b)(6).

## II. Dismissal for Claim Splitting

What is perhaps most notable about Plaintiff's Response is what he does not address.  Plaintiff's response makes no effort whatsoever to distinguish the key cases cited in Defendants' Motion, cases that show that this case should be dismissed now for improper claim splitting, such as *Brzostowski* and *Receivership Mgt.*  In fact, Plaintiff's Response never even acknowledges those cases, which is why he created the straw-man argument instead, seeking to distract the Court from the real issue.

The only argument Plaintiff makes at all about claim splitting is on pages 11-12, where he lumps claim splitting with claim preclusion to argue that as equitable doctrines, the Court should avoid unfair results.  However, as the *Brzostowski* and *Receivership Mgt.* cases make clear, there is nothing unfair about holding Plaintiff accountable for his own decision to improperly split his claims and seek to pursue them separately.  To the contrary, that effort was unfair to the other parties because it needlessly increases their efforts, and it was unfair to the Court because it created inefficiencies and unnecessary duplication.  Thus, equity does not preclude dismissal; equity supports dismissal of this action.

## III. Entering A Stay

As noted previously, Defendants' position is that this case should be dismissed for claim splitting.  However, Defendants' Motion asks in the alternative that if the case is not dismissed, it should be stayed pending final resolution of Plaintiff's administrative review case.  The bulk of

Plaintiff's two-paragraph argument about the stay is entirely misplaced, arguing about the uncertainty as to whether the administrative review case is already final. Plaintiff's only argument about a stay is the last two sentences of Section III.B on page 13 of his Response, suggesting that the Court should defer consideration of a stay until "after filing an answer". [Dkt. No. 49 p.13]

Frankly, that approach makes no sense. Even assuming that Defendants' responses to the Complaint will be answers rather than motions to dismiss, filing answers does not change the issues before the Court, or the issues to be addressed by the Parties.[1] As Plaintiff effectively concedes, those changes will come after the Illinois Appellate Court decides Plaintiff's pending appeal concerning whether he was properly discharged for his misconduct.

Moreover, here too, nowhere in Plaintiff's Response does he address any of the arguments Defendants made in favor of a stay, let alone any of the cases Defendants cited showing that a stay would be proper. Accordingly, if the Court does not dismiss the action for claim splitting, it should stay this action pending final resolution of Plaintiff's administrative review case.

### IV. **Counts V-VII**

Finally, Section IIIC of Plaintiff's Response contains a heading arguing against dismissal of Counts V-VII and a one-sentence argument that these claims were never removed to this Court. The argument is simply false; Defendants' Notice of Removal expressly removed "this case" from the State Court to this Court. [Dkt. No. 1 p.1] Defendants' recitation in the Notice about Counts I-V was simply to demonstrate that removal jurisdiction was proper pursuant to 28

---

[1] Defendants note further that filing Answers here will not be a simple task where Plaintiff's Complaint consists of 46-pages, 198-paragraphs and 102 sub-paragraphs. *See* Dkt. 1-1 pp. 1-46. The Defendants should not be forced to spend further substantial time, effort and resources to address Plaintiff's pleading where dismissal and/or a stay is justified.

U.S.C. §§ 1441, 1443 and 1446. There is simply no basis for Plaintiff's argument that the entire case has not been removed and is not properly before this Court.

Moreover, Plaintiff's Response does not develop this argument at all, or cite any authority to support the argument, and it is therefore waived. *E.g. Corral v. UNO Charter Sch. Network, Inc.*, 2013 U.S. Dist. LEXIS 62397, *34, 2013 WL 1855824 (N.D. Ill. May 1, 2013) ("claim is nevertheless rejected because Corral does not at all develop the argument in his response brief").

Wherefore, for all of the reasons contained in Defendants' Amended Motion, most of which are wholly unrebutted, Defendants respectfully request that this case be dismissed for improper claim splitting, or in the alternative, the action be stayed pending resolution of the Plaintiff's appeal concerning his termination, and that the Court grant such further and additional relief as the Court deems just and proper.

Dated:  March 3, 2021                                     VILLAGE OF MELROSE PARK


                                                        By:  \_\_\_\_/s Jeffrey S. Fowler_____
                                                             One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)


                                                            MAYOR RONALD SERPICO

                                                        By:  \_\_\_\_s:/ K.  Austin Zimmer_____
                                                             One of Its Attorneys

K. Austin Zimmer
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois  60402

                DIRECTOR OF POLICE SAM C. PITASSI, FORMER DEPUTY CHIEF OF POLICE MICHAEL CASTELLAN, and OFC. PETER CAIRA

                By: <u>Michael D. Bersani         </u>

Michael D. Bersani
Hervas, Condon & Bersani, P.C.
333 Pierce Road, Suite 195
Itasca, Illinois 60143-3156

                VILLAGE OF MELROSE PARK BOARD OF FIRE AND POLICE COMMISSIONERS

                By: <u>    s:/Patrick H. O'Connor        </u>
                     One of Its Attorneys

Patrick H. O'Connor
Hartigan & O'Connor, P.C.
53 W. Jackson, Blvd., Suite 460
Chicago, Illinois 60604

6

**Certificate of Service**

I, the undersigned attorney, hereby certify that a copy of the foregoing Reply was served on this 3rd day of March, 2021, through the functions of the Court's e-filing system, to:

K. Austin Zimmer
Del Galdo Law Group, LLC
1441 South Harlem Avenue
Berwyn, Illinois 60402
zimmer@dlglawgroup.com

Patrick H. O'Connor
Hartigan & O'Connor, P.C.
53 W. Jackson, Blvd., Suite 460
Chicago, Illinois 60604
312/235-8880
patoconnor@hartiganlaw.com

Michael Bersani
Hervas, Condon & Bersani, P.C.
333 W. Pierce Road, Suite 195
Itasca, Illinois 60143-3156
mbersani@hcbattorneys.com

Gianna Scatchell
Disparti Law Group, P.A.
121 W. Wacker Drive, Suite 2300
Chicago, IL 60601

Cass T. Casper
Disparti Law Group, PA
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601

/s Jeffrey S. Fowler