UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN A. SCATCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 1045 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| VILLAGE OF MELROSE PARK, MELROSE PARK BOARD OF FIRE AND POLICE COMMISSIONERS, RONALD SERPICO, SAM C. PITASSI, MICHAEL CASTELLAN, and PETER CAIRA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

John A. Scatchell filed this suit in the Circuit Court of Cook County, Illinois, against the Village of Melrose Park ("Village"), the Melrose Park Board of Fire and Police Commissioners ("Board"), Ronald Serpico, Sam C. Pitassi, Michael Castellan, and Peter Caira, alleging violations of federal and state law arising from his termination as a Melrose Park police officer. Doc. 1-1. Defendants removed the suit, Doc. 1, and now move to dismiss under the claim-splitting doctrine or, in the alternative, to stay the suit under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), pending resolution of a state court suit challenging the same termination. Doc. 46. The motion to stay is granted, and the motion to dismiss is denied without prejudice.

**Background**

Scatchell was terminated on December 6, 2018, following a hearing before the Board. Doc. 1-1 at p. 3, ¶ 7. He brought several state court suits relating to his termination. The most pertinent, filed on December 31, 2018, is *Scatchell v. Board of Fire & Police Commissioners for the Village of Melrose Park*, No. 18 CH 16150 (Ill. Cir. Ct. Cook Cnty., Ill.), which seeks

1

administrative review under Illinois law of the Board's decision to dismiss him and adds several state and federal claims arising from the dismissal. Doc. 48 at pp. 47-65.

Some three weeks after filing the administrative review action, Scatchell sought to be joined as a plaintiff in a federal suit brought by his father, who also had been fired from his position as a Melrose Park police officer. *Scatchell v. Vill. of Melrose Park*, No. 18 C 3989 (N.D. Ill.) (Norgle, J.), ECF Nos. 18, 21. Judge Norgle denied the motion for joinder on August 29, 2019. *Id.*, ECF No. 35.

Five months later, on January 24, 2020, Scatchell brought the present suit in state court. Doc. 1-1. The complaint asserts federal and state law claims—including under 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*—concerning his termination. Doc. 1-1 at pp. 37-46, ¶¶ 138-198. Four of the six defendants in this suit—the Board, the Village, Pitassi, and Castellan—are also named as defendants in the administrative review action. *Id.* at pp. 3-4, ¶¶ 8-10, 12-13; Doc. 48 at pp. 48-49, ¶¶ 2-5. On February 12, 2020, Scatchell moved to consolidate this suit—which at the time was still in state court—with the administrative review action, arguing that the two cases "arise out of the same factual background and have a common transaction[al] basis," and that "[t]he parties in each action are all involved and may be properly joined in one suit." Doc. 48 at pp. 43-44, ¶¶ 9-12. The same day, Defendants removed this suit to federal court, Doc. 1, and the state court later denied Scatchell's motion to consolidate without prejudice to renewal "if [the] state counts remain in state court," Doc. 21-5.

About a month after the removal of this suit to federal court, Scatchell moved to amend his complaint in the administrative review action to add (1) the defendants (Serpico and Caira) named in this suit but not in the administrative review action and (2) the federal and state claims

2

asserted in this suit. Doc. 21 at ¶ 11; Doc. 48 at p. 20, ¶ 4. On December 15, 2020, the state court issued two orders in the administrative review action. The first affirmed the Board's decision to terminate Scatchell, dismissing his administrative review claim and rejecting the other claims asserted in that suit. Doc. 48 at pp. 21-26. The second order denied Scatchell's motion for leave to amend, holding that the proposed amendment was "not timely, as it was brought after briefing was complete on the administrative review and related counts of the existing [c]omplaint." *Id*. at p. 20. The court added:

> [Scatchell] knew of his civil rights claims and the other proposed new claims at the time he filed his Complaint in this case [in December 2018]. He did not attempt to file the new claims in *this* case until the existing issues were briefed and awaiting argument. To open up the case to new parties, claims, and arguments at this late stage would prejudice the existing defendants.

*Ibid*. Scatchell appealed both orders to the Appellate Court of Illinois, and the appeals remain pending. *Id*. at p. 15.

## Discussion

The *Colorado River* doctrine provides that "a federal court may stay or dismiss a suit in federal court when a concurrent state court case is underway, but only under exceptional circumstances and if it would promote 'wise judicial administration.'" *Freed v. JPMorgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (quoting *Colo. River*, 424 U.S. at 818); *see also Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992). The Supreme Court "has cautioned that abstention is appropriate only in 'exceptional circumstances,' and has also emphasized that federal courts have a 'virtually unflagging obligation … to exercise the jurisdiction given them.'" *AXA Corp. Sols. v. Underwriters Reinsurance Corp.*, 347 F.3d 272, 278 (7th Cir. 2003) (alteration in original) (quoting *Colo. River*, 424 U.S. at 813, 817). In deciding whether to abstain, the court's task is "not to find some substantial reason for the exercise of federal jurisdiction … ; rather, the task is to ascertain

3

whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis and internal quotation marks omitted). The *Colorado River* doctrine can apply where, as here, the state court suit is on appeal. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) (endorsing the practice of staying a federal suit under *Colorado River* pending resolution of an appeal in an Illinois state court suit); *Hearne v. Bd. of Educ. of Chi.*, 185 F.3d 770, 778 (7th Cir. 1999) (applying *Rogers* and remanding for the district court to stay the federal suit pending resolution of any appeals in the parallel state court proceedings); *Baek v. Clausen*, 886 F.3d 652, 665 (7th Cir. 2018) (holding that the district court, "in consonance with *Rogers* and *Hearne*," properly stayed the federal suit pending resolution of a state court appeal).

The *Colorado River* analysis has two steps. First, the court asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. If the proceedings are not parallel, *Colorado River* abstention must be denied. *See ibid.* If the proceedings are parallel, the court must weigh ten nonexclusive factors to determine whether abstention is proper. *See ibid.*

I. **This Suit and the State Administrative Review Action Are Parallel**

"[F]or *Colorado River* purposes … [p]recisely formal symmetry" between the state and federal suits is "unnecessary" to find parallelism. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011); *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences [between the two suits] exist. However, the requirement is of parallel suits, not identical suits."). Rather, suits are parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed*, 756 F.3d at 1019 (internal quotation marks omitted). Thus, "[t]he question is not whether the suits are formally symmetrical, but whether there is a

whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis and internal quotation marks omitted). The *Colorado River* doctrine can apply where, as here, the state court suit is on appeal. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) (endorsing the practice of staying a federal suit under *Colorado River* pending resolution of an appeal in an Illinois state court suit); *Hearne v. Bd. of Educ. of Chi.*, 185 F.3d 770, 778 (7th Cir. 1999) (applying *Rogers* and remanding for the district court to stay the federal suit pending resolution of any appeals in the parallel state court proceedings); *Baek v. Clausen*, 886 F.3d 652, 665 (7th Cir. 2018) (holding that the district court, "in consonance with *Rogers* and *Hearne*," properly stayed the federal suit pending resolution of a state court appeal).

The *Colorado River* analysis has two steps. First, the court asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. If the proceedings are not parallel, *Colorado River* abstention must be denied. *See ibid.* If the proceedings are parallel, the court must weigh ten nonexclusive factors to determine whether abstention is proper. *See ibid.*

I. **This Suit and the State Administrative Review Action Are Parallel**

"[F]or *Colorado River* purposes … [p]recisely formal symmetry" between the state and federal suits is "unnecessary" to find parallelism. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011); *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences [between the two suits] exist. However, the requirement is of parallel suits, not identical suits."). Rather, suits are parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed*, 756 F.3d at 1019 (internal quotation marks omitted). Thus, "[t]he question is not whether the suits are formally symmetrical, but whether there is a

whether there exist exceptional circumstances, the clearest of justifications, that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis and internal quotation marks omitted). The *Colorado River* doctrine can apply where, as here, the state court suit is on appeal. *See Rogers v. Desiderio*, 58 F.3d 299, 302 (7th Cir. 1995) (endorsing the practice of staying a federal suit under *Colorado River* pending resolution of an appeal in an Illinois state court suit); *Hearne v. Bd. of Educ. of Chi.*, 185 F.3d 770, 778 (7th Cir. 1999) (applying *Rogers* and remanding for the district court to stay the federal suit pending resolution of any appeals in the parallel state court proceedings); *Baek v. Clausen*, 886 F.3d 652, 665 (7th Cir. 2018) (holding that the district court, "in consonance with *Rogers* and *Hearne*," properly stayed the federal suit pending resolution of a state court appeal).

The *Colorado River* analysis has two steps. First, the court asks "whether the state and federal court actions are parallel." *Freed*, 756 F.3d at 1018. If the proceedings are not parallel, *Colorado River* abstention must be denied. *See ibid.* If the proceedings are parallel, the court must weigh ten nonexclusive factors to determine whether abstention is proper. *See ibid.*

I. **This Suit and the State Administrative Review Action Are Parallel**

"[F]or *Colorado River* purposes … [p]recisely formal symmetry" between the state and federal suits is "unnecessary" to find parallelism. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 498-99 (7th Cir. 2011); *see also Interstate Material Corp. v. City of Chicago*, 847 F.2d 1285, 1288 (7th Cir. 1988) ("Interstate is correct in its assertion that differences [between the two suits] exist. However, the requirement is of parallel suits, not identical suits."). Rather, suits are parallel where "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Freed*, 756 F.3d at 1019 (internal quotation marks omitted). Thus, "[t]he question is not whether the suits are formally symmetrical, but whether there is a

substantial likelihood that the [state] litigation will dispose of all claims presented in the federal case." *AAR Int'l, Inc. v. Nimelias Enters.*, 250 F.3d 510, 518 (7th Cir. 2001) (internal quotation marks omitted); *see also Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 646 (7th Cir. 2011) (same). "Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *Adkins*, 644 F.3d at 499 (alteration in original) (internal quotation marks omitted).

The parallelism test is satisfied here, as this suit and the state court administrative review action involve "substantially the same parties … [and] substantially the same issues." *Id*. at 498-99 (internal quotation marks omitted). Scatchell does not contend otherwise, having conceded as much by his pre-removal efforts to consolidate the suits on the ground that they share the "same factual background" and "arise out of the same factual background and have a common transaction[al] basis," and that "[t]he parties in each action are all involved and may be properly joined in one suit." Doc. 48 at p. 43, ¶ 9. The premise of Scatchell's consolidation motion was right. Although the parties do not overlap completely—Serpico and Caira are defendants here but not in the administrative review action—both suits have the same factual predicate, and both challenge the legality of Scatchell's termination. *See Freed*, 756 F.3d at 1020 (holding that the state and federal suits were parallel because "the issues [in both suits] will be resolved largely by referencing the same facts and evidence"); *Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004) ("Even though an additional remedy is sought in the federal action, the liability issues (which are the central legal issues) remain the same in both cases."); *AAR Int'l*, 250 F.3d at 518 ("Suits need not be identical to be parallel, and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel.") (citation omitted).

5

Although the parallelism analysis could stop here, it bears mention that if the state appellate court reverses the state trial court's order denying Scatchell leave to amend, all claims in the present lawsuit will become part of the administrative review action. And if that happens, resolution of the administrative review action even more plainly "will dispose of all claims presented in the federal case." *AAR Int'l, Inc.*, 250 F.3d at 518 (internal quotation marks omitted).

## II. The *Colorado River* Factors Support Abstention

The second step in the *Colorado River* analysis requires examining and balancing these ten nonexclusive factors:

(1) whether the state has assumed jurisdiction over property;

(2) the inconvenience of the federal forum;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which jurisdiction was obtained by the concurrent forums;

(5) the source of governing law, state or federal;

(6) the adequacy of state-court action to protect the federal plaintiff's rights;

(7) the relative progress of state and federal proceedings;

(8) the presence or absence of concurrent jurisdiction;

(9) the availability of removal; and

(10) the vexatious or contrived nature of the federal claims.

*Freed*, 756 F.3d at 1018. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colo. River*, 424 U.S. at 818-19. The court addresses each factor in turn. *See Freed*, 756 F.3d at 1022 (noting that *Colorado River*

abstention requires adherence to "rigorous standards," which the district court met by "carefully address[ing] each of the ten factors and provid[ing] sufficient explanations for its findings").

      1. *Whether the state court has assumed jurisdiction over property*. The state court administrative review action is a suit *in personam*, not *in rem*. *See Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935) (recognizing that, if "the judgment sought is … for the recovery of money or for an injunction compelling or restraining action by the defendant," then it is "strictly in personam"). The first *Colorado River* factor applies only in *in rem* suits. *See Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984) ("[T]he state court … never assumed jurisdiction over any *res* or property. … This was strictly an *in personam* action. Moreover, the cases relied upon by the Court in *Colorado River* for the *res* exception all dealt with the disposition of property, such as a trust."); *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 180 F. Supp. 2d 1235, 1241 (D. Kan. 2001) ("[T]he [state court] actions are based on *in personam* jurisdiction, not *in rem* jurisdiction, and thus neither court has assumed jurisdiction within the meaning of the *Colorado River* doctrine."). This factor therefore has no bearing here. *See DePuy Synthes Sales, Inc. v. OrthoLA, Inc.*, 953 F.3d 469, 478 (7th Cir. 2020) ("This case is not about property, and so Factor 1 can be ignored.").

      2. *The inconvenience of the federal forum*. This factor concerns the "relative inconvenience of the competing fora to the parties." *AAR Int'l*, 250 F.3d at 522-23 (emphasis omitted). The state and federal courts are both located in Chicago, within blocks of each other, so the federal forum is not inconvenient compared to the state forum. This factor weighs against abstention. *See Freed*, 786 F.3d at 1021-22 (holding that this factor weighed against abstention where the state and federal courts were both located in Chicago).

3. *The desirability of avoiding piecemeal litigation*. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Day v. Union Mines Inc.*, 862 F.2d 652, 659 (7th Cir. 1988) (internal quotation marks omitted). "Dual proceedings could involve … a grand waste of efforts by both the court and parties in litigating the same issues … in two forums at once." *Ibid.* (internal quotation marks omitted). Because, as Scatchell himself put it, the two suits share the "same factual background" and "arise out of the same factual background and have a common transaction[al] basis," Doc. 48 at p. 43, ¶ 9, proceeding simultaneously in both forums would ensure "duplicative and wasteful litigation with the potential of inconsistent resolutions," *Caminiti & Iatarola*, 962 F.2d at 701; *see also DePuy Synthes Sales*, 953 F.3d at 478 ("[F]unctionally identical suits in two places creates a high risk of inconsistent results and wasteful duplication."). Although the analysis could stop there, those inefficiencies would only be exacerbated if the state appellate court reverses the trial court order denying Scatchell leave to amend. Accordingly, this factor strongly favors abstention.

4. *The order in which jurisdiction was obtained by the concurrent forums*. Scatchell filed the administrative review action in December 2018, more than a year before he filed this suit. This factor favors abstention. *See Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 697 (7th Cir. 1985) (holding that this factor favored abstention where the state case was filed five months before the federal case).

5. *The source of governing law, state or federal*. This case arises under both state and federal law. "Although in some rare circumstances the presence of state-law issues may weigh in favor of … surrender [of jurisdiction under *Colorado River*], the presence of federal-law

8

issues must always be a major consideration weighing against surrender." *Cone Mem'l Hosp.*, 460 U.S. at 26. This factor therefore weighs against abstention.

      6. *The adequacy of state court action to protect the federal plaintiff's rights*. There is no reason to think that state court is an inadequate forum for the vindication of Scatchell's rights. *See DePuy Synthes Sales*, 953 F.3d at 479 ("The state courts are co-equal partners with the federal courts when it comes to protecting federal rights."). Scatchell's actions as a litigant confirm as much, for he initially chose to file this suit in state court. Doc. 1-1. In any event, by abstaining under *Colorado River*, this court is "not *dismiss[ing]* [Scatchell's] federal claims, but rather *stay[ing]* them pending the resolution of the state court proceeding." *Freed*, 756 F.3d at 1023. If at the conclusion of the proceedings in the administrative review action Scatchell believes that the state courts provided an "inadequate" forum for his claims, he will have a chance, when the stay is lifted, to argue here that the state court judgment should not be accorded preclusive effect. *Ibid*. This factor favors abstention.

      7. *The relative progress of state and federal proceedings*. This factor requires consideration of which case "appear[s] to be closer to a resolution." *Caminiti & Iatarola*, 962 F.2d at 702. The state trial court's judgment is now on appeal, while little has happened here beyond a lengthy break while Scatchell waited for the state trial court to rule on his motion to amend, Docs. 31, 34-37, 39-40, 42-45, and briefing on the *Colorado River* and claim-splitting issues, Docs. 14, 21, 23, 46, 48-50, 52. Given that the state court proceedings are well ahead of the federal proceedings, this factor favors abstention.

      8. *The presence or absence of concurrent jurisdiction*. In Illinois, "administrative review actions, whether taken to the circuit court or directly to the appellate court, involve the exercise of special statutory jurisdiction." *ESG Watts, Inc. v. Pollution Control Bd.*, 727 N.E.2d 1022,

1025 (Ill. 2000) (internal quotation marks omitted); *see* 735 ILCS 5/3-101 *et seq*. That said, Scatchell does not suggest that the special nature of an administrative review action precluded the state court from exercising concurrent jurisdiction over the federal and state claims brought here. Indeed, Scatchell plainly believes that concurrent jurisdiction exists, as he sought leave from the state court to add those claims and is appealing the state court's denial of his request. More to the point, the state court denied leave to amend solely on the ground that Scatchell's proposed amendment was "not timely" because he "knew of his civil rights claims and the other proposed new claims at the time he filed his [original] [c]omplaint." Doc. 48 at p. 20, ¶ 6. The state court's emphasis on the lack of justification for the delay strongly suggests that the court believed that concurrent jurisdiction *does* exist over the federal and state claims. That is certainly true of the federal claims, which could have been brought directly in the state court administrative review action. *See Stykel v. City of Freeport*, 742 N.E.2d 906, 915 (Ill. App. 2001) ("[C]auses of action for civil rights violations by an administrative agency and other constitutional challenges are not preempted by the [Administrative] Review Law and may be joined with an action for administrative review."); *see also Green v. Benden*, 281 F.3d 661, 666-67 (7th Cir. 2002) (citing *Stykel* and stating that, "under Illinois law, [the plaintiff] could have brought [his due process and equal protection] challenges along with his claim for administrative review" in the state court administrative review action). And Scatchell surely could bring all his state law claims in state court, either as part of the administrative review action or in a separate suit. *See Stykel*, 742 N.E.2d at 915 (suggesting that "common-law actions predicated upon nonconstitutional theories" cannot be maintained in an administrative review action). This factor therefore favors abstention. *See DePuy Synthes Sales*, 953 F.3d at 479 (holding that the state court's concurrent jurisdiction over the plaintiff's federal claims weighs in favor of abstention).

9. *The availability of removal*. This factor "intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." *Freed*, 756 F.3d at 1023. As it currently stands, the administrative review action involves several claims, including federal claims, alleging statutory and constitutional violations in connection with Scatchell's termination as a Melrose Park police officer. Doc. 48 at pp. 61-62 (Count VI, alleging a violation of due process); *id*. at pp. 63-64 (Count VIII, alleging a violation of due process and Scatchell's Fifth Amendment right against self-incrimination). Although the presence of federal claims would have allowed the state court defendants—the Village, the Board, Pitassi, and Castellan—to remove the administrative review action, they did not do so within thirty days of being served, and therefore cannot do so now. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."). However, if the state appellate court holds that the trial court should have granted Scatchell's motion to amend, the newly added defendants (Serpico and Caira) could remove the administrative review action. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997) (holding that, where a plaintiff seeks administrative review of a state agency decision and resolution of a federal claim arising from the agency proceedings, and the defendant removes the case on federal question grounds, a federal district court may exercise its supplemental jurisdiction over the state law matters and decide all questions presented by the case). Thus, because Scatchell is actively

pursuing a state court appeal that, if successful, would allow the administrative review action to be removed, this factor weighs slightly against abstention.

      10.  *The vexatious or contrived nature of the federal claims*.  Scatchell's claims here seek to litigate an issue—the propriety of his termination—at the heart of the administrative review action.  Moreover, as the state trial court held, Scatchell had no justification for not including the claims asserted here when he brought the administrative review action in December 2018.  Doc. 48 at p. 20, ¶ 6.  Given these circumstances, there is no need to comment adversely on Scatchell's motives in filing this suit—a year after bringing the administrative review action—to conclude that this suit is "vexatious" and "contrived" within the meaning of *Colorado River*.  *See Freed*, 756 F.3d at 1024 (noting that this "factor can weigh in favor of abstention when the claims and parties in the federal suit could have been included in the original state court proceeding").  This factor supports abstention.

*  *  *

     In sum, most of the *Colorado River* factors—and the most significant factors—favor abstention, providing the "exceptional circumstances" necessary to abstain.  *Tyrer v. City of South Beloit*, 456 F.3d 744, 757 (7th Cir. 2006).  This is particularly the case given Scatchell's ongoing effort to add to the administrative review action the claims he brings in this suit.  The only remaining question is whether this suit should be dismissed or stayed.  The Seventh Circuit routinely holds that *Colorado River* should be implemented through a stay, not dismissal.  *See Montaño v. City of Chicago*, 375 F.3d 593, 602 (7th Cir. 2004); *CIGNA HealthCare of St. Louis,*

*Inc. v. Kaiser*, 294 F.3d 849, 851-52 (7th Cir. 2002). Accordingly, this suit is stayed pending further proceedings in the state court suit.

In arguing against abstention, Scatchell contends only that the court should defer ruling on a stay until Defendants answer the complaint. Doc. 49 at 13. There is nothing to gain from postponing decision on the stay motion. And because the case is stayed, the court need not rule on Defendants' motion to dismiss on claim-splitting grounds. The motion to dismiss is therefore denied without prejudice to renewal upon the state appellate court's resolution of the appeal in the administrative review action. *See Lumen*, 780 F.2d at 693 ("Due to its disposition of the *Colorado River* issue, the [district] court did not decide whether the complaint should also be dismissed … ."); *Ritz of Chi., Ltd. v. Espinosa*, 2009 WL 1904401, at *1 (N.D. Ill. July 2, 2009) (granting a *Colorado River* stay without resolving several motions to dismiss).

## Conclusion

Defendants' motion to stay is granted, and this case is stayed under the *Colorado River* doctrine pending resolution of the state court proceedings in *Scatchell v. Board of Fire & Police Commissioners for the Village of Melrose Park*, No. 18 CH 16150 (Ill. Cir. Ct. Cook Cnty., Ill.). Once those proceedings conclude, the stay will be lifted, and Defendants may seek dismissal of this suit on preclusion grounds and/or renew their motion to dismiss on claim-splitting grounds. *See Rogers*, 58 F.3d at 302 ("It is sensible to stay proceedings until an earlier-filed state case has reached a conclusion, and then (but only then) to dismiss the suit outright on grounds of … preclusion.").

June 4, 2021

_____
United States District Judge